[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION FOR SUMMARY JUDGMENT (No. 117)
I. INTRODUCTION.
The motion for summary judgment now before the court seeks judgment on five counts of the plaintiffs' twenty count complaint. For the reasons briefly stated below, the motion must be granted in part.
The plaintiffs, Keith Ganzer, Marjorie Beutel, and Beutel Joyce, commenced this action by service of process on January 10, 2001 against the defendants, Jan Levine and Imageers, Inc. The complaint, as mentioned, consists of twenty counts. Five of these counts — Counts VI, X, XI, XII XIII — are in question here. In Count VI, Beutel alleges breach of guarantee against Levine; in Count X, Beutel Joyce alleges breach of agreement against both defendants; in Count XI, Beutel Joyce allege quantum meruit against both defendants; in Count XII, Beutel alleges breach of agreement against both defendants; and in Count XIII, Beutel alleges quantum meruit against both defendants. CT Page 974
The defendants filed the motion for summary judgment now before the court on October 10, 2001. The motion was initially argued on December 17, 2001. At the conclusion of that argument, the court gave the plaintiffs an opportunity to submit further affidavits in support of their opposition. On January 22, 2002, the plaintiffs reported to the court that no further affidavits or other materials would be forthcoming, and the matter was submitted for the court's consideration. The counts of the complaint in question must now be reviewed in turn.
II. COUNT VI.
In Count VI, Beutel alleges breach of guaranty against Levine. The count alleges that Defendant Levine personally guaranteed repayment" of an allegedly unpaid loan. The factual question presented is whether any such "personal guarantee" was made. Levine has submitted an affidavit stating that, "I never verbally or in writing agreed to personally guaranty any such alleged `loan.'" Beutel has submitted an opposing affidavit stating that, "Defendant Levine orally agreed to guaranty any loans I made to defendant Imageer's."
Beutel's opposing affidavit is conspicuous for its lack of detail. Neither the time, the place, nor the words of the alleged guaranty are recited. The statement just quoted is wholly conclusory in nature. When pressed on this point in argument, Beutel's attorney conceded that "you won't see" an "exact statement" on the asserted guarantee. (Transcript of December 17, 2001 hearing at 7.) The attorney went on to say that, "certainly, I could . . . obtain a more detailed" affidavit. (Id. at 9.) As mentioned, however, no such "more detailed" affidavit has been submitted.
Under our rules of practice, affidavits supporting or opposing motions for summary judgment "shall set forth such facts as would be admissible in evidence." P.B. § 17-46. Beutel's opposing affidavit fails to comport with this rule. Under these circumstances, there is no genuine issue as to any material fact, and judgment on Count VI must enter for the defendant.
III. COUNT X.
In Count X, Beutel Joyce claims breach of agreement against both defendants. The count alleges that the defendants retained Beutel Joyce to perform accounting services and have failed to pay for services rendered. The defendants' submissions deny the existence of such an agreement: Beutel, in her opposing affidavit, states that, "Plaintiff Beutel Joyce performed accounting services for both defendant Levine CT Page 975 and Imageer's at the express direction of defendant Levine." Details of the asserted "express direction" are entirely lacking. We have no idea when, where, or in what words the asserted agreement was made. Under these circumstances, P.B. § 17-46 has not been complied with. No facts admissible in evidence have been submitted. Judgment on this count must enter in favor of the defendants.
IV. COUNT XI.
In Count XI, Beutel Joyce alleges quantum meruit against both defendants. The count asserts that the defendants received the benefit of accounting services rendered by the plaintiff The defendants, in their submissions, deny that Levine received any such services. (The defendants' brief makes no argument on this point with respect to Imageers.) Beutel, in her opposing affidavit, details work that Beutel 
Joyce did for Imageers, but leaves the issue of work done for Levine entirely to the imagination.
Under these circumstances, judgment must enter for Levine (but not for Imageers) on Count XI.
V. COUNT XII.
In Count XII, Beutel alleges breach of agreement against both defendants. She claims that the defendants requested her to perform financial and accounting advisory services and subsequently failed to pay for them. The defendants, in their submissions, deny the existence of such an agreement. Beutel, in her opposing affidavit, states that, "I personally performed consulting services . . . for both defendant Levine and Imageer's at the express direction of defendant Levine." No details of the asserted "express direction" are supplied. For reasons previously explained, this assertion fails to comport with the "evidence" requirement of P.B. § 17-46. Judgment must enter for the defendants on this count.
VI. Count XIII.
In Count XIII, Beutel alleges quantum meruit against both defendants. She claims that she provided personal accounting services to the benefit of the defendants. The defendants, in their submissions, make the same argument made with respect to Count XI. No services were rendered to Levine. The deficiencies of Beutel's opposing affidavit on this point have already been discussed with respect to Count XI. While she details services she assertedly supplied to Imageer's, no details with respect to the claimed services rendered to Levine are forthcoming. Under these circumstances, judgment must enter for Levine (but not Imageers) on this CT Page 976 count.
VII. CONCLUSION.
The motion for summary judgment is granted as to Counts VI, X, and XII. With respect to Counts XI and XIII, it is granted with respect to Levine and denied with, respect to Imageers.
Jon C. Blue Judge of the Superior Court